SLIP OP. 99-142

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| _____ | : | |
| AMMEX, INC., | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | **Before: WALLACH, Judge** |
| v. | : | **Court No.: 99-01-00013** |
|  | : | |
|  | : | |
| UNITED STATES, | : | |
|  | : | |
| Defendant. | : | |
|  | : | |
| _____ | : | |

[Plaintiff's Motion To Complete And Supplement The Administrative Record And For Additional Discovery Of Defendant Motion For Discovery Denied]

Decided: December 23, 1999

Serko & Simon LLP (David Serko, Christopher M. Kane, and Jerome L. Hanifin), for Plaintiff.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Amy M. Rubin); Beth C. Brotman, Office of Assistant Chief Counsel, United States Customs Service, Of Counsel, for Defendant.

## OPINION

## I

## INTRODUCTION

This is a Motion seeking further discovery in a challenge to Customs Headquarters Ruling 227385. The background of this case and its discovery disputes may be found in Slip Op. 99-81 of August 13, 1999, Ammex, Inc. v. United States, 62 F. Supp.2d 1148 (CIT 1999).

Here, the Plaintiff seeks 1) to supplement the administrative record of this case by admitting the administrative record of Detroit International Bridge Co. v. United States, Court No. 98-08-02649 either in whole or in part, and 2) additional discovery to demonstrate that the government effectively "lied" regarding the decisionmaking process.

The Court finds Plaintiff's Motion almost fantastical. The "factual" basis upon which it has been asserted has been effectively and entirely refuted by the government and the "legal" basis goes well past the outer limits discussed in this Court's prior decision on discovery in this case. Accordingly, the Motion is denied in its entirety.

## II

## DISCUSSION

Plaintiff was previously permitted to conduct only limited discovery because it "ha[d] generally failed to provide the Court with a reasonable basis to believe that the record as filed is incomplete, that agency decisionmakers exhibited bad faith or improper behavior, or that any other exception to the general limitation on discovery is applicable." Ammex, 62 F. Supp.2d at 1151.

Now, Plaintiff seeks to supplement the administrative record with the entire record (or portions thereof) of a totally separate Headquarters Ruling. It bases that Motion on speculation and supposition unsupported by anything cognizable by this Court under the Federal Rules of Evidence and upon the arguments discussed below.

**A**

**That The Documents In An Administrative Record "Reference"**
**Another Ruling Is No Basis For Discovery Or Incorporation Of**
**The Record In The Other Matter**

As discussed in this Court's prior decision, an administrative record must include those items directly or indirectly considered by agency decisionmakers. Here, Plaintiff wishes to incorporate the record in another case because, it alleges, the cases were decided "in tandem." Plaintiff's Motion[1] at 2-3. In the alternative Plaintiff seeks documents in the other case which it says "clearly reference" the decision here at issue.

Plaintiff has provided this Court with absolutely <u>no</u> competent evidence to demonstrate that any of those documents with which it seeks to supplement this record were considered in deciding <u>this</u> case. That they were <u>there</u> considered by persons who may have also been decisionmakers <u>here</u> is simply irrelevant without other evidence to demonstrate a rational nexus. That evidence does not exist.

**B**

**Plaintiff's Evidence Of A Nexus Is Speculative**
**And Borders on The Frivolous**

Plaintiff submits as evidence of a nexus three items. The first is an e-mail which references the "ARD 'duty free store' fuel issue." Plaintiff states:

Our research indicates that "ARD" likely means "appeal of ruling decision,"

---

[1] Memorandum Of Law In Support Of Plaintiff's Motion To Complete And Supplement The Administrative Record And For Additional Discovery Of Defendant ("Plaintiff's Motion").

which . . . refers to the then pending administrative appeal in [the case here at issue].

Plaintiff's Motion at 5-6. Plaintiff provides <u>no</u> citation to any of the "research" to which it refers.

In fact, as is demonstrated by the Affidavit of the author of that e-mail, John Durant, "ARD" refers to Alfred R. De Angelus, who represented a party in that matter. In addition to refuting that baseless speculation, Mr. Durant affirmatively states that the merits of the two matters were not considered together. Plaintiff has provided <u>no</u> evidence to refute that statement.

Plaintiff's second presentation of evidence consists of various documents which variously reference an one "Jim Blaine at Customs Detroit." Plaintiff finds it "troubling" that Customs responded to an Interrogatory regarding a FAX cover sheet in the limited discovery previously permitted by this Court, by stating that the word "Blaine" referred to the port of Blaine, Washington. Plaintiff, based upon pure speculation, hypothesizes that the answer is "inconsistent."

As is demonstrated, however, by the unrefuted Affidavit of Paul Hegland, the reference to "Blaine" in the document here at issue, is indeed a notation about his belief that a cost-of-toll argument was refuted by the toll-free status of the duty-free store at Blaine, Washington. Plaintiff has provided absolutely <u>no</u> evidence, competent or otherwise, to give rise to <u>any</u> implication that the government's position on this matter is inconsistent, let alone false.

Finally, Plaintiff points to two facsimiles and their attachments that were sent to William Rosoff and are part of the record in the separate Headquarters Ruling. These facsimiles discuss, <u>inter alia</u>, opposition from local merchants to the idea of letting the Detroit International Bridge

Co. sell duty-free diesel fuel from its foreign trade zone, and contain various letters of opposition from local truck stops. With perhaps one exception,[2] however, none of these documents refer to the separate issue of whether Ammex can sell duty-free gasoline from its duty-free store, and Ammex has provided no evidence of such a connection. Further, the fact that William Rosoff received these documents, and thus was aware of "opposition" in the foreign trade zone case, does not lead to the conclusion that he considered this specific "opposition" in evaluating Ammex's proposal. In fact, based on the additional discovery that Plaintiff was allowed to conduct, just the opposite appears to be true. See Defendant's Response To Plaintiff's First Interrogatories, Response 6(a) ("Mr. Rosoff was verbally informed . . . that Customs officers at the port of Detroit had received complaints from competitors of Ammex about Customs' reconsideration of HQ 225287"); Response 6(b) ("[N]o specific 'opposition' was identified to the decisionmakers of HQ 227385.").

That "evidence" discussed above is the sum total of Plaintiff's demonstration of the required nexus.

---

[2] This one "exception" consists of a letter from Bart's Truck Stop that appears to oppose the sale of duty-free gas and diesel fuel from the local duty-free store. That this letter voiced opposition to letting duty-free stores sell such fuel, however, does not indicate that Mr. Rosoff considered it in deciding Ammex's separate request. The letter from Bart's Truck Stop appears to be one of five letters that was eventually sent to Bill Rosoff to oppose the proposed sale of duty-free diesel sale from a foreign trade zone. That one of these five letters also opposed similar sales from duty-free stores does not reasonably lead to the conclusion that Bill Rosoff specifically considered this or other (apparently unrelated) documents in deciding Ammex's separate request.

## III

## CONCLUSION


Plaintiff's Motion is denied.  If Plaintiff files another Motion in this case that crosses so far beyond the borders of good faith argument under USCIT R. 11, this Court will entertain a motion for sanctions on behalf of the government.


_____

Evan J. Wallach, Judge


Date:   December 23, 1999
        New York, New York

ERRATA

<u>Ammex, Inc. v. United States</u>, Court No. 99-01-00013, Slip Op. 99-142, dated December 23, 1999

Footnote 2, line 6, delete the word "sale" from the phrase "duty-free diesel sale" and substitute the word "fuel"